[Civil No. 3832.   Filed March 15, 1937.]

[66 Pac. (2d) 233.]

MORRIS GOLDWATER, Executor of the Last Will and Testament of SARAH A. GOLDWATER, Deceased, Petitioner, v. SUPERIOR COURT OF THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF MARICOPA, and G. A. RODGERS, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondents.

Messrs. Favour & Baker, for Petitioner.

Messrs. Baker & Whitney and Mr. Lawrence L. Howe, for Respondents.

ROSS, J.—This proceeding is before us upon a return to a writ of *certiorari* issued out of this court to review the action of the respondent court and the judge thereof in ordering, under the provisions of chapter 29, Laws 1933, as amended by chapter 9, Laws 1935, commonly known as the Mortgage Moratorium Law, a continuance of the trial of an action brought by petitioner, Goldwater, to foreclose a realty mortgage.

An inspection of the return made by the respondents to the writ discloses the following pertinent facts: The petitioner, Morris Goldwater, on June 1, 1936, as plaintiff, instituted an action to foreclose a mortgage on certain real property situate in Phoenix, Maricopa county, the said mortgage bearing date of January 31, 1929, and running for five years. The makers of the note and mortgage, although served with summons, failed to appear and make any defense. At the same time complaint was filed, an application for the appointment of a receiver was made. Lynn Lockhart, Esther M. Lockhart, A. E. England Motors, Inc., and A. E. England, defendants, claiming to be the owners and in the possession of the mortgaged premises, on June 26, 1936, filed in the respondent court and said cause an application for a continuance under the Mortgage Moratorium Law ''for a period not longer than March 4, 1937,'' and also a response to the order to show cause why a receiver should not be appointed.

An order of the court, dated October 26, 1936, recites that on July 24, 1936, a hearing was had on the motion

for the appointment of a receiver and the motion for a continuance, at which the plaintiff and the defendants presented their evidence, and that thereafter, on October 5th decision on the motions was rendered denying the appointment of a receiver and granting the continuance. The order for continuance is in the following words:

"It is further ordered that the motion for a continuance, made by the defendants Lynn Lockhart, Esther M. Lockhart, his wife, A. E. England Motors, Inc., and A. E. England, be, and the same is hereby granted, and all proceedings in this cause by the plaintiff against only the said defendants Lynn Lockhart, Esther M. Lockhart, his wife, A. E. England Motors, Inc., and A. E. England, be stayed until March 4th, 1937, upon the condition of the payment by the said moving defendants of all rentals received from the said building and property, since October 1st, 1936, the said payments to be made to the Clerk of the Superior Court of Maricopa County, to be applied in conformity with the provisions of chapter 29 of the laws of 1933, as amended by chapter 9 of the laws of 1935.

"Done in open court this 26th day of October, 1936."

The evidence taken upon the hearing of July 24th was not returned, the parties stipulating that it was not necessary.

The return also shows that subsequent to the hearing of July 24th, to wit, August 20th, the plaintiff filed with the court an affidavit of bias and prejudice of the presiding judge against the plaintiff and asked for change of judges, which was denied.

It will be noted that the application for continuance of the case was "for a period not longer than March 4, 1937," and that the order of continuance coincides with that date. The moratorium law under which the continuance was granted contained a self-repealing clause (section 2, chap. 9, Laws 1935), effective March 4, 1937. The case therefore, after March 4, 1937, stood

on the court calendar for setting and trial. The order of continuance died with the law.

■ In *certiorari* the judgment the court is authorized to give is one "affirming, annulling or modifying the proceedings below." Section 4395, Rev. Code 1928. The petitioner seeks to have the proceedings concerning the continuance annulled or modified. Whatever the ruling, the effects of the continuance cannot be averted, nor the mistake thereunder, if any, corrected so as to benefit any of the parties litigant. The question of the correctness or legality of the proceeding on the motion for a continuance is abstract and moot. A ruling thereon would not be a precedent for the courts in passing upon the moratorium statute enacted by the Thirteenth Legislature and approved by the Governor on February 16, 1937 (chap. 8, Laws 1937), for this latter act is very different from the previous ones.

■ The petitioner alleges in his petition that the moratorium law is unconstitutional but has not briefed the question, nor was it suggested when the application for continuance was made. He cites no case nor gives any reason for such contention and we refuse to pass upon a question so very important and far reaching without some assistance from counsel. In his memorandum brief the petitioner states:

"But the petition clearly states the basis for *certiorari,* page 6: 'That the Court had no power to make said order which fails to fix and determine the rental and is not in conformity with the provisions of chapter 29, Laws of 1933.' "

This clearly shows that he does not rely upon the invalidity of the law, nor upon the failure of the court to disqualify and call in another judge.

The order is that the writ be quashed.

McALISTER, C. J., and LOCKWOOD, J., concur.