STATE EX REL. WILLARD W. BENNETT v. EARLE BROWN.
STATE EX REL. HENRY R. JOHNSON v. SAME.[1]

December 3, 1943.

Nos. 33,544, 33,545.

[1]Reported in 12 N. W. (2d) 180.

*Drake & Drake,* for appellants.

*Thompson, Hessian & Fletcher* and *Frank J. Williams,* Assistant County Attorney, for respondent.

THOMAS GALLAGHER, JUSTICE.

Relators, whose cases were consolidated here, appeal from an order of the district court vacating, dismissing, and quashing writs of *certiorari.*

On January 4, 1943, respondent, Earle Brown, by election succeeded John P. Wall as sheriff of Hennepin county. Relators had been employed by Wall as deputy sheriffs a number of years prior to said date. Their original appointments had been made under and pursuant to Minn. St. 1941, § 387.14 (Mason St. 1927, § 917), which provides as follows:

"Every sheriff shall appoint under his hand a sufficient number of persons as deputy sheriffs, for whose acts he shall be responsible and whom he may remove at pleasure. * * *"

In 1941 the legislature enacted L. 1941, c. 385, which provided as follows:

"An act regulating the suspension or discharge of certain county employees designated pursuant to statute in counties having or which may hereafter have a population of 500,000 inhabitants or over.

"Be it enacted by the Legislature of the State of Minnesota:

"Section 1. Suspension or discharge of certain employees.—In counties of this state now or hereafter having a population of 500,-000 inhabitants or over, every person employed in the office of the sheriff under and pursuant to the provisions of any statute applicable thereto, after six months of continuous employment, shall continue in service as an employee of that office until suspended or discharged in the manner hereinafter provided for one or more of the causes specified in section 2 hereof."

Said statute further provided the mechanics for suspension, and

for review of the decision or determination by writ of *certiorari* in the district court.

Upon taking office, respondent notified relators that he would not employ or reappoint them as deputy sheriffs and that their employment would terminate on the date he took office, to-wit: January 4, 1943. No charges of misconduct or inefficiency or other grounds of dismissal were filed, nor did respondent act or proceed under the requirements of L. 1941, c. 385.

Relators thereupon applied for, and the district court issued, writs of *certiorari* directed to respondent ordering him to certify and return to it for review all records in connection with the dismissal of relators, and ordering that all proceedings relative thereto be stayed until further order of the court.

Subsequent to the issuance of the writs and before the return date therein, respondent moved to vacate, dismiss, and quash the same on the ground, among others, that L. 1941, c. 385, was unconstitutional, null, and void. The return on the writs was made and filed on February 15, 1943, and, on the day following, respondent's motion was heard. On March 1, 1943, the court made its order vacating, dismissing, and quashing the writs on the ground that L. 1941, c. 385, was unconstitutional. On March 27, 1943, these appeals were taken by relators.

On April 13, 1943, pending this appeal, the legislature, by L. 1943, c. 428, repealed L. 1941, c. 385, upon which relators based their rights in the *certiorari* proceedings.

On appeal relators urge: (1) That the trial court erred in hearing respondent's motion to dismiss the writs of *certiorari*, in that the same were made prior to the return date of the writs; (2) that the sheriff of Hennepin county is a subordinate ministerial officer and hence not authorized to attack the constitutionality of a statute relative to his office; and (3) that L. 1941, c. 385, was constitutional.

As indicated by relators' application for the writs of *certiorari* and by the writs themselves, the ultimate purpose sought by relators herein is to bring about their reinstatement as deputy

sheriffs. However, the repeal of L. 1941, c. 385, restored to full effect Minn. St. 1941, § 387.14 (Mason St. 1927, § 917), as above set forth. Under the latter statute, respondent not only has full power and authority, but is required, to appoint all deputy sheriffs serving under him. Since it is undisputed that relators have at no time been so appointed, it is apparent they cannot now obtain the relief originally sought in these proceedings. Neither this court nor the trial court has the authority or right, under the statutes now in force, to restore relators to their former positions.

It is well settled that *certiorari* proceedings, although properly commenced, will be dismissed if the remedy sought therein has become moot, for *certiorari* does not issue to determine hypothetical questions, even though such determination might be of public interest. Under this doctrine it follows that an order suspending or removing a person from public office will not be reviewed by *certiorari* after the expiration of the term of such office. Muse v. Long, 167 Okl. 159, 29 P. (2d) 51; Reid v. Superior Court, 44 Cal. App. 349, 186 P. 634; Goldwater v. Superior Court, 49 Ariz. 260, 66 P. (2d) 233; State ex rel. Kelly v. District Court, 73 Mont. 84, 235 P. 751.

Likewise, on appeal there must be a substantial and real controversy between the parties before a case will be considered by this court. The principle is well established that where, as here, a suit is founded on a statute and such statute is repealed, without a saving clause, before conclusion of the suit, the suit must end where the repeal finds it. Troy v. City of St. Paul, 155 Minn. 391, 193 N. W. 726.

This doctrine was applied in Reed v. Trovatten, 209 Minn. 348, 296 N. W. 535, although *mandamus* rather than *certiorari* was the remedy there pursued by relator. In that case the statute under which relator's tenure of office had been fixed was repealed by the present civil service act, which was passed after relator's dismissal and after the commencement of his action, but prior to the hearing thereon. Therein Justice Peterson, speaking for this court, stated (209 Minn. 352, 296 N. W. 537):

"The right to a writ of *mandamus* is determined as of the time of the hearing rather than of the application. * * * At the time of hearing relator did not have a right to the position which he claimed. Where the relator does not have the right which he claims should be enforced by *mandamus,* it is axiomatic that a writ should not issue."

It is true that in the instant cases, at the time of the hearing in district court the statute under which relators claimed had not been repealed; but, were the cases remanded now, the trial court would be compelled again to dismiss, in view of the subsequent repeal of the statute.

We recognize the fact that the right of relators to their wages for the period between the date of their dismissals and the repeal of said statute has not been determined. However, this issue was not presented in the trial court, nor does it appear to be a proper subject for *certiorari* proceedings. In consequence, it cannot be said to be a matter for decision here at this time.

In view of such circumstances and under the well-established principles above set forth, the conclusion cannot be escaped that there is now no real controversy before this court for determination, and in consequence the appeals must be dismissed as moot.

Appeals dismissed.

MR. JUSTICE LORING, absent because of accidental injuries, took no part in the consideration or decision of this case.