DONALD RENZAGLIA, A MINOR, BY AND THROUGH
HIS GUARDIAN AD LITEM, DONALD O. RENZAGLIA,
AND ANOTHER v. CONRAD CHIPMAN.

215 N. W. 2d 477.

February 22, 1974—No. 44147.

*Edward J. Matonich,* for appellants.

*Applequist, Donovan, Larson, Barnes, Mathias & Magie* and
*Robert E. Mathias,* for respondent.

Heard before Knutson, C. J., and Peterson, Todd, and Yetka,
JJ., and considered and decided by the court.

PER CURIAM.

Plaintiffs appeal from an order denying their motion for a
new trial and from a judgment entered in favor of defendant.
The jury returned a verdict finding neither party negligent, and
on appeal plaintiffs seek to question the limitations placed on
their right to argue the effects of comparative negligence ver-
dicts. We affirm.

Plaintiff Donald Renzaglia was a 12-year-old bicyclist who
at the time of the accident giving rise to this action was riding
his bike and attempting to cross County Road No. 5 at its inter-

section with Pool Road just outside of Chisholm, Minnesota. There is a stop sign for Pool Road traffic. Donald had proceeded through the stop sign and was onto the traveled portion of County Road No. 5 when first observed by defendant, who immediately applied his brakes. The righthand corner of his bumper struck the rear portion of Donald's bike, throwing Donald to the highway and causing injuries. The jury returned a verdict finding neither party negligent. The trial court, without objection from plaintiffs, instructed the jury: "The mere fact that an accident has happened does not in itself mean that anyone has been negligent."

On appeal plaintiffs do not challenge the instructions of the court or raise any question about the sufficiency of the evidence to sustain the verdict. Rather, they seek to challenge the court's ruling that plaintiffs' attorney would not be permitted to argue hypothetical figures regarding the effects of a comparative negligence verdict. Plaintiffs misconstrue their position on appeal. The evidence in this case is more than adequate to justify the verdict of the jury finding neither party negligent, but no challenge is even raised on this question. The jury having determined that neither party was negligent, the issue of comparative negligence never entered the case. There is no negligence to compare and consequently no issue to discuss. This court does not render advisory opinions nor do we pass on questions that make no difference in the outcome of a judicial controversy.

"* * * When the affirmance or reversal of an order made in the course of the proceeding would make no difference in respect of the controversy on the merits, the appellate court will not determine whether it was decided erroneously or not." Barnes v. Macken, 252 Minn. 412, 416, 90 N. W. 2d 222, 226 (1958).

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.