ROBERT C. FRITZ v.
ARNOLD MANUFACTURING COMPANY.

232 N. W. 2d 782.

August 22, 1975—No. 44899.

*Harry N. Ray,* for appellant.

*Murphy, Lano, Kalar & Murphy* and *William E. Kalar,* for respondent.

Heard before Peterson, MacLaughlin, and Yetka, JJ., and considered and decided by the court en banc.

YETKA, JUSTICE.

Plaintiff appeals from a judgment of dismissal with prejudice entered in St. Louis County District Court following a jury verdict which found defendant not negligent. We affirm.

There is no serious dispute as to the facts giving rise to this appeal.

Defendant manufactured and sold a vehicle called a "Ranger X" tractor to the Minnesota Power and Light Company (MP & L). The Ranger X is a track-driven vehicle designed for use on rough terrain. It has a wheelbase of 46¾ inches, with a ground clearance of 16 inches.

Plaintiff was employed by MP & L as a dispatcher at the Hibbing, Minnesota, substation. On the night of March 4-5, 1971, while working the "graveyard" shift, plaintiff tried to move the Ranger X into a warehouse which was part of the Hibbing sub-

station. The door of that warehouse opens onto a platform which is 42 inches above the ground. In order to reach the platform, plaintiff attempted to drive the Ranger X up a flight of stairs at an angle of approximately 45 degrees. The Ranger X tipped over backward onto plaintiff, who was pinned beneath the vehicle and injured.

Plaintiff brought suit against defendant to recover damages for his injuries, alleging (1) that the Ranger X failed to perform in accordance with defendant's advertising literature; (2) that the Ranger X was negligently designed; and (3) that defendant failed to warn of known dangers.

The jury was instructed in part as follows:

"* * * As your attention has already been called by counsel to the fact that questions number 3[1] and 4[2] do not have to be answered, the court has determined that there is no fact issue for the jury regarding the negligence of Robert Fritz, and the fact that this negligence was a direct cause of the accident. Therefore, the court has answered questions 3 and 4 for you. *You must not permit this finding by the court to influence you in determining whether the defendant was or was not negligent.* In answering the comparative fault question, which is number 5, you are not to give any greater or lesser importance to the fact that the court has found that Robert Fritz was negligent as a matter of law or that his negligence was a direct cause of the accident than you would give to a similar finding or answer made by you as members of the jury. * * *

\* \* \* \* \*

"The negligence of Robert Fritz will not bar his recovery in this case if you find that such negligence was not as great as the negligence of Arnold Manufacturing Company, but any damages

---

[1] Interrogatory No. 3 read as follows: "Was the plaintiff, Robert C. Fritz, negligent in the operation of the tractor?"

[2] Interrogatory No. 4 read as follows: "If you answered question number 3 'Yes,' was such negligence a direct cause of his injuries?"

that you allow will be decreased in the percentage of negligence that you attribute to him." (Italics supplied.)

The jury found defendant not negligent with respect to the manufacture, design, and sale of the tractor. Judgment was ordered accordingly.

Plaintiff filed no post-trial motions in district court. Rather, he appeals from the judgment, raising the following issues for consideration by this court:

(1) Did the trial court commit prejudicial error by directing the jury to find that plaintiff was negligent and that said negligence was a proximate cause of his injuries?

(2) Did the trial court commit reversible error by not allowing an expert witness to testify for plaintiff when the name of that witness was not listed in plaintiff's answers to defendant's pretrial interrogatories?

■ Aside from the directed verdict, plaintiff does not allege that the court's instructions to the jury were incorrect. Therefore, the instructions as given become the law of this case. Erickson v. Sorenson, 297 Minn. 452, 211 N. W. 2d 883 (1973). The above-quoted excerpts from those instructions show that the trial court carefully apprised the jury of the fact that they could find defendant liable. In the face of said instructions, the jury found that defendant had not been negligent in any respect. Therefore, the issue of whether the trial court erred by directing a verdict of contributory negligence is irrelevant.

The recent case of Renzaglia v. Chipman, 298 Minn. 384, 215 N. W. 2d 477 (1974), is most applicable to the issue at hand. On appeal plaintiffs sought to challenge the trial court's ruling that plaintiff's attorney would not be permitted to argue hypothetical figures regarding the effects of a comparative negligence verdict. This court rejected that challenge, stating as follows:

"* * * The jury having determined that neither party was negligent, the issue of comparative negligence never entered the case. There is no negligence to compare and consequently no

issue to discuss. This court does not render advisory opinions nor do we pass on questions that make no difference in the outcome of a judicial controversy." 298 Minn. 385, 215 N. W. 2d 478.

In the instant case, a ruling on plaintiff's challenge of the directed verdict would constitute an advisory opinion, a policy not practiced by this court.[3]

■ Plaintiff also contends that the trial court committed reversible error by refusing to allow plaintiff to call one Albert Brusacorum to testify as an expert witness in rebuttal.

However, as defendant points out in its brief, objections to evidentiary rulings which were not assigned as error in a motion for a new trial are not reviewable by this court on an appeal from a judgment. Antonson v. Ekvall, 289 Minn. 536, 186 N. W. 2d 187 (1971); Hartman v. Blanding's Inc. 288 Minn. 415, 181 N. W. 2d 466 (1970). Since plaintiff had made no such motion, this assignment of error need not be considered.

■ Even had plaintiff preserved his right to bring the contention before this court, he could not prevail. It is uncontested that the name of Mr. Brusacorum was not disclosed on pretrial answers to interrogatories as required by Rule 33, Rules of Civil Procedure.

One of the purposes of Rule 33 is to prevent unjust surprise and prejudice. Gebhard v. Niedzwiecki, 265 Minn. 471, 122 N. W. 2d 110 (1963); Lundin v. Stratmoen, 250 Minn. 555, 85 N. W. 2d 828 (1957). Moreover, this court has vested our trial courts with discretion in this area. Dorn v. Home Farmers Mutual Ins. Assn. 300 Minn. 414, 419, 220 N. W. 2d 503, 506 (1974). In Dorn, this court also cautioned that we will "carefully scrutinize" situations where a witness whose identity was not disclosed in pretrial answers to interrogatories is allowed to testify over objection.

---

[3] We note in passing that contributory negligence was obvious in this case. Attempting to drive a Ranger X vehicle up a steep flight of stairs appears to be an invitation to the happening of the type of accident which, unfortunately, occurred in this case.

We believe that the sanction of Rule 33 is particularly applicable to expert witnesses where the preparation required of opposing counsel demands more time and effort. In view of this fact, the trial court did not abuse its discretion in refusing to allow the undisclosed witness to testify.

The judgment of the trial court is affirmed.