**STATE of Minnesota, Respondent,**

v.

**Carl Joseph COLSCH, Jr., Appellant.**

**No. 47672.**

Supreme Court of Minnesota.

Oct. 12, 1979.

C. Paul Jones, Public Defender, and Mollie G. Raskind, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Craig H. Forsman, Sp. Asst. Atty. Gen., St. Paul, William V. Von Arx, County Atty., Caledonia, for respondent.

SCOTT, Justice.

This is an appeal by defendant Carl Joseph Colsch, Jr., from a judgment of conviction entered in the district court in Houston County after a jury found defendant guilty of possession of controlled substances with intent to sell in violation of Minn.St. 152.09, subd. 1(1). We affirm.

On August 1, 1976, a Houston County deputy sheriff obtained a warrant for the search of a house trailer resided in by defendant. At approximately 9 p. m. that same day, two deputy sheriffs executed the warrant. They were met at the door by defendant's mother, Mrs. Mary Colsch, who was babysitting defendant's children at the time. The deputies informed Mrs. Colsch of the warrant and asked her if the house trailer was the residence of defendant. Mrs. Colsch replied that it was defendant's residence, and requested that she and defendant's children not be present during the execution of the search warrant.

During the search, the deputies found various drug and drug-related items in the rear bedroom of the home. The officers discovered 15 bags of marijuana, eight tablets of LSD, six large grocery bags of marijuana stems, small traces of LSD, amphetamines, and a scale. The 15 bags of marijuana and the scale were found in a large cedar chest. The eight LSD tablets, other traces of LSD and the amphetamines were discovered in a small wooden jewelry box placed on top of a dresser. The six large grocery bags of marijuana stems were found in the bedroom closet.

The bedroom dresser, upon which the small wooden jewelry box was placed, and the bedroom closet contained items of men's and women's clothing. In the right hand top drawer of the dresser the deputies found a device used in the smoking of marijuana. Perfume and other items normally used by women were found on the top of the dresser. Some papers and a checkbook bearing defendant's name were also found on the dresser top. A few hours later, at approximately 12:02 a. m., defendant was stopped and arrested while driving through Caledonia, Minnesota.

Colsch was sentenced to a period of time not to exceed five years. The execution of the sentence was stayed and defendant was placed on probation. Conditions of probation included that Colsch spend sixty days in the Houston County Jail with work release privileges; that he tour the Minnesota State Prison at Stillwater at his own expense; that he not possess or use any drugs other than those prescribed by a doctor; and that he not violate any law. Additionally, the district court conditioned probation on the following term, which is now challenged on appeal:

" * * * as a condition of probation you shall submit your person, place of residence and vehicle to search and seizure at any time of the day or night, with or without a search warrant by your agent from the Department of Corrections or by any police officer or sheriff when requested to do so." [1]

The issues therefore present in this case are:

(1) Was the evidence sufficient to prove that defendant constructively possessed the drugs in question?

(2) Does defendant's contention that it is constitutionally impermissible for probation to be conditioned upon defendant's submission to warrantless searches present the court with a justiciable controversy?

■ 1. Upon review of a claim of insufficiency of the evidence this court will uphold a jury's finding where, based on the evidence contained in the record, the jury could reasonably have found the defendant guilty of the offense charged. Moreover, in making this determination the court must view the evidence in a manner most favorable to the state and assume that the jury disbelieved contradictory testimony. *State v. Hawkins*, 260 N.W.2d 150 (Minn.1977); *State v. Hill*, 312 Minn. 514, 253 N.W.2d 378 (1977).

Defendant contends that the evidence presented at trial was insufficient to prove that he was in possession of the drugs which were found in his home. Since defendant was not in actual or physical possession of the drugs at the time of the arrest, it is incumbent upon the state to show that defendant constructively possessed the controlled substances. See, *State v. Florine*, 303 Minn. 103, 226 N.W.2d 609 (1975); *State v. LaBarre*, 292 Minn. 228, 195 N.W.2d 435 (1972). The *Florine* court stated that constructive possession may be established by showing:

" * * * (a) that the police found the substance in a place under defendant's exclusive control to which other people did not normally have access, or (b) that, if police found it in a place to which others had excess, there is a strong probability (inferable from other evidence) that defendant was at the time consciously exercising dominion and control over it." 303 Minn. 105, 226 N.W.2d 611.

■ The state contends that the second part of the *Florine* test is satisfied because the evidence was sufficient to prove that there is a strong probability that defendant exercised dominion and control over the controlled substances found in the bedroom of his home. The record supports the state's position. The evidence showed that controlled substances were found in the rear bedroom of defendant's residence. The bedroom contained items of male clothing, as well as papers and a checkbook bearing defendant's name. This evidence is sufficient to support the jury's finding of constructive possession.

■ 2. It is well settled that " * * * on appeal there must be a substantial and real controversy between the parties before a case will be considered by this court." *State v. Brown*, 216 Minn. 135, 138, 12 N.W.2d 180, 181 (1943). Accord, *Izaak Walton League v. State, Dep't of Natural Resources*, 312 Minn. 587, 252 N.W.2d 852 (1977); *Twin Cities Metropolitan Public Transit Area v. Holter*, 311 Minn. 423, 249 N.W.2d 458 (1977). Indeed, regardless of the type of proceeding involved, a justiciable controversy must exist in order for a litigant's claim to be properly before a court. See, *Lee v. Delmont*, 228 Minn. 101, 36 N.W.2d 530 (1949). To establish a justiciable controversy, defendant must show a direct and imminent injury which results from the alleged unconstitutional provision. See, *St. Paul Area Chamber of Commerce v. Marzitelli*, 258 N.W.2d 585 (Minn.1977); *Lott v. Davidson*, 261 Minn. 130, 109 N.W.2d 336 (1961). As we noted in *Lee, supra*, 228

---

1. The warrantless search condition also provided that " * * * you [defendant] shall furthermore submit yourself to chemical surveillance testing to determine the presence of illicit non-prescription drugs physically present in your body." However, defendant does not object to this part of the condition.

Minn. 110, 36 N.W.2d 537, "[i]ssues which have no existence other than in the realm of future possibility are purely hypothetical and are not justiciable. Neither the ripe nor the ripening seeds of controversy are present."

The issue as to whether the warrantless search condition of probation is constitutional does not present the court with a justiciable controversy.[2] No search has been made pursuant to the condition, and thus no evidence has been seized. Moreover, defendant bases much of his argument on the ground that the condition is improper because it is overbroad and may lead to harassing searches by law enforcement officers. The speculative nature of this injury is apparent. The appellant's claim can, in effect, be viewed as a request for an advisory opinion, to wit: if a search is conducted pursuant to the probationary condition, will it infringe upon defendant's Fourth Amendment rights? Such advisory opinions are not sanctioned by this court. E. g., *Izaak Walton League v. State, Dep't of Natural Resources, supra; Fritz v. Arnold Mfg. Co.,* 305 Minn. 190, 232 N.W.2d 782 (1975). Accordingly, defendant's claim is prematurely raised and thus is not properly reviewable. We therefore reserve judgment on this question until presented with a factual situation which has ripened into a justiciable controversy.

Affirmed.

---

2. The justiciable controversy issue is not raised by the state. However, since the question relates to the court's jurisdiction, the matter may be raised on the court's own motion. *Izaak Walton League v. State, Dep't of Natural Resources,* 312 Minn. 587, 252 N.W.2d 852 (1977).