AAA ELECTRIC & NEON SERVICE, INC. d/b/a Ace Electric and Neon Service, a Minnesota corporation, Appellant,

v.

R–DESIGN CO., et al., Lumberman's Investment Corporation, Respondents,

Armor Security, Inc., Defendant.

No. C1–84–1800.

Court of Appeals of Minnesota.

March 26, 1985.

John F. Markert, Bloomington, for AAA Electric & Neon Service, Inc., d/b/a Ace Electric and Neon Service, a Minnesota corp.

Roger W. Kuehn, St. Paul, for R-Design Co., et al.

William L. Killion, Minneapolis, for Lumberman's Inv. Corp.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

RANDALL, Judge.

AAA Electric ("AAA") brought this action to foreclose a mechanic's lien. Defendant Lumberman's, which held the mortgage on the subject property and wished to protect its priority, brought a motion for summary judgment on the grounds that AAA had not included mandatory statutory notice language in the underlying contract. Lumberman's also claimed that AAA had not commenced the action within one year of performing the last work, as required by statute. The trial court granted summary judgment for Lumberman's. AAA appealed on the notice issue, but conceded it had not met the filing deadline. We dismiss the appeal.

## FACTS

AAA entered into a contract with respondents R-Design Co. and Michael Schroeder to furnish and install electric heating. The contract did not contain the pre-lien notice required by Minn.Stat. § 514.011, subd. 1, nor did it mention subcontractors or materialmen. No subcontractors or materialmen were used in completing the job.

The work performed by AAA was completed on November 24, 1981, and R–Design was billed for $6,512.14. Of that amount, $4912.14 remains unpaid.

On November 18, 1982, appellant served respondents with a summons and complaint to start the action to foreclose its mechanic's lien. The summons did not state that the complaint had been filed with the clerk of court. In fact, the complaint had not been filed with the clerk of court. It was not filed until January 11, 1983. On appeal, appellant concedes that the trial court was correct in determining that the action was not timely filed and in dismissing the action for that reason. It contends, however, that the trial court erred in ruling that the pre-lien notice set forth in Minn. Stat. § 514.011, subd. 1, was required in the contract when no subcontractors or materialmen were used in completing the job.

## ISSUES

1. Was summary judgment proper in this case?

2. Since the action was not timely commenced and thus barred, should this court decide the issue of pre-lien notice on its merits, even though a decision either way would not affect the outcome?

## ANALYSIS

Actions to foreclose mechanic's liens are excepted from the Rules of Civil Procedure insofar as the Rules are inconsistent with the statutory requirements for such actions. Minn.Stat. § 514.11, which provides for the commencement of an action to foreclose a mechanic's lien, states, in part, that

[t]he summons shall state that the complaint has been filed with the clerk *and shall be of no effect unless such complaint be in fact so filed.* It shall * * * require each defendant to file his answer

to the complaint with the clerk within 20 days after service on him * * *.

Minn.Stat. § 514.11 (1984) (emphasis added). The parties agree that the summons and complaint was served upon respondent *before* the complaint was filed with the clerk, and that, in fact, the complaint was not filed until some two months after service. Under the statute, then, the complaint was "of no effect."

Further, Minn.Stat. § 514.12, subd. 3 (1984) provides that

> [n]o lien shall be enforced in any case unless the holder thereof shall assert the same, either by complaint or answer, within one year after the date of the last item of his claim * * *.

The parties agree that the work by AAA was completed on November 24, 1981, that respondents were served with the complaint on November 18, 1982, and that the complaint was filed with the court on January 11, 1983. Since an action to foreclose a mechanic's lien is initiated by *filing*, not by service, Minn.Stat. § 514.11, the action was not asserted within one year after the date of the last item of the claim, and was thus not timely.

The trial court ruled that the complaint was of no effect and that the action was not timely commenced. Appellant concedes those points, but challenges the trial court's other holding that notice language was required in the contract respondent signed. Appellant argues that Minn.Stat. § 514.011, subd. 1 implies that if the use of subcontractors or materialmen is never contemplated, the notice required by § 514.011 is not a pre-requisite to a valid mechanic's lien. Whichever way we ruled on that question, if we chose to approach it on the merits, appellant could not have an enforceable lien because of the other fatal procedural defects. Thus our decision not to decide the notice issue leaves appellant with the same remedies it had after it failed to timely commence a mechanic's lien foreclosure. As respondent has admitted, the underlying cause of action for goods and services rendered survives, subject to the normal six-year statute of limitations and burden of proof, but appellant does not have the right to proceed with a mechanic's lien foreclosure.

Any ruling of ours on the merits of the issue of whether appellant was required to give the pre-lien notice set forth in § 514.011 would be advisory. Our supreme court has previously addressed the issue of advisory opinions, and they are not favored. *See, e.g., Izaak Walton League v. State, Department of Natural Resources*, 312 Minn. 587, 252 N.W.2d 852 (1977); *Fritz v. Arnold Mfg. Co.*, 305 Minn. 190, 232 N.W.2d 782 (1975).

Appellant asks us to decide the merits "for the purpose of determining what acts or omissions were responsible for the loss of the mechanic's lien claim in this case and who is responsible for such acts or omissions." In other words, the appellant wants us to decide that its failure to include notice language in the contract was not fatal to its lien claim so that issue is res judicata for any future legal malpractice action arising from the untimely filing. The dispute over the pre-lien notice does not affect the present lawsuit between appellant and respondents, but does affect potential litigation between appellant and its former attorney. We hold those negligence questions should properly be determined in that future litigation, not here. "[O]n appeal there must be a substantial and real controversy between the parties before a case will be considered by this court." *State v. Colsch*, 284 N.W.2d 839, 841 (Minn.1979), *quoting State v. Brown*, 216 Minn. 135, 138, 12 N.W.2d 180, 181 (1943). There is no substantive controversy here. The parties agree appellant does not have a valid mechanic's lien for failure to timely file and commence foreclosure.

## DECISION

Appellant does not challenge the trial court's determination that the summons which commenced this action was defective and that the action was not timely commenced. Thus we do not disturb the trial court's ruling. A decision on the merits of

pre-lien notice would have no effect on this action, and since advisory opinions are not favored, we choose not to reach the merits.

Appeal dismissed.