**In the Matter of the WELFARE OF Z.P.B.**

**No. C0–90–2736.**

Court of Appeals of Minnesota.

Sept. 10, 1991.

William R. Kennedy, Hennepin County Public Defender, Warren R. Sagstuen, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., Donna J. Wolfson, Asst. County Atty., Minneapolis, for respondent.

Considered and decided by PETERSON, P.J., and FOLEY and KALITOWSKI, JJ.

## OPINION

PETERSON, Judge.

This is an appeal from an order of the juvenile court directing appellant to submit a biological specimen for DNA analysis under Minn.Stat. § 609.3461 (1990).

## FACTS

Appellant, Z.P.B., is a fifteen-year-old boy who was adjudicated delinquent for committing fourth degree criminal sexual conduct in violation of Minn.Stat. § 609.-345, subd. 1(d) (1988). Appellant admitted violating the statute.

Pursuant to Minn.Stat. § 609.3461 (1990), the state moved the juvenile court to order appellant to provide a blood sample to the Minnesota Bureau of Criminal Apprehension (BCA) for DNA analysis under Minn. Stat. § 299C.155 (1990). When the motion was heard, the BCA had not yet adopted uniform procedures and protocols for collecting, maintaining, preserving, or analyzing biological samples, or for handling data obtained from DNA analysis as required by Minn.Stat. § 299C.155. Blood samples were simply being stored for later use when procedures were adopted.

The juvenile court referee granted the state's motion. Upon review of the referee's decision, the juvenile court judge ordered that a biological specimen be provided for DNA analysis. This appeal followed. Z.P.B. has not yet submitted a biological specimen.

## ISSUES

I. Does the juvenile court order directing appellant to submit a biological specimen for DNA analysis violate appellant's constitutional right to due process of law when uniform procedures and protocols for collecting, maintaining, preserving, or analyzing the specimen or for handling data obtained from DNA analysis of the specimen have not been adopted?

II. Does the juvenile court order directing appellant to submit a biological specimen for DNA analysis conflict impermissibly with statutes that require juvenile court proceedings and records to be kept confidential?

## ANALYSIS

The issues presented on appeal involve questions of law. This court need not defer to the trial court's conclusions when reviewing questions of law. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Util. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984). Minn.Stat. § 609.3461 provides:

When * * * the juvenile court adjudicates a person a delinquent child for violating * * * section * * * 609.345, it shall order the person to provide a biological specimen for the purpose of DNA analysis as defined in section 299C.155. The biological specimen or the results of the analysis shall be maintained by the bureau of criminal apprehension as provided in section 299C.155.

Minn.Stat. § 299C.155 provides:

**Subdivision 1. Definition.** As used in this section, "DNA analysis" means the process through which deoxyribonucleic acid (DNA) in a human biological specimen is analyzed and compared with DNA from another human biological specimen for identification purposes.

**Subd. 2. Uniform evidence collection.** The bureau shall develop uniform procedures and protocols for collecting evidence in cases of alleged or suspected criminal sexual conduct, including procedures and protocols for the collection and preservation of human biological specimens for DNA analysis. Law enforcement agencies and medical personnel who conduct evidentiary exams shall use the uniform procedures and protocols in their investigation of criminal sexual conduct offenses. The uniform procedures and protocols developed under this subdivision are not subject to the rulemaking provisions of chapter 14.

**Subd. 3. DNA analysis and data bank.** The bureau shall adopt uniform procedures and protocols to maintain, preserve, and analyze human biological specimens for DNA. The bureau shall establish a centralized system to cross-reference data obtained from DNA analysis. The uniform procedures and protocols developed under this subdivision are not subject to the rulemaking provisions of chapter 14.

**Subd. 4. Records.** The bureau shall perform DNA analysis and make data obtained available to law enforcement officials in connection with criminal investigations in which human biological specimens have been recovered. Upon request, the bureau shall also make the data available to the prosecutor and the subject of the data in any subsequent criminal prosecution of the subject.

## I.

Appellant contends that until the BCA adopts uniform procedures and protocols for collecting and analyzing samples that comply with requirements set forth in *State v. Schwartz*, 447 N.W.2d 422 (Minn. 1989), it is an unconstitutional denial of due process to require him to provide evidence that may ultimately result in misidentification.

Appellant's reliance upon *Schwartz* is misplaced. *Schwartz* did not address the issue whether the state could require a person convicted of criminal sexual assault to provide a specimen for DNA analysis. The court in *Schwartz* considered standards of reliability necessary to permit introduction of the results of DNA analysis in a criminal prosecution. In the present case, there has been no attempt to use the results of DNA analysis for any purpose.

Appellant has failed to establish the existence of a justiciable controversy with regard to any use the state may make of the specimen appellant has been ordered to provide.

> [A] justiciable controversy must exist in order for a litigant's claim to be properly before a court. To establish a justiciable controversy, defendant must show a direct and imminent injury which results from the alleged unconstitutional provision. * * * "[i]ssues which have no existence other than in the realm of future possibility are purely hypothetical and are not justiciable. Neither the ripe nor the ripening seeds of controversy are present."

*State v. Colsch*, 284 N.W.2d 839, 841 (Minn.1979) (citations omitted) (quoting *Lee v. Delmont*, 228 Minn. 101, 110, 36 N.W.2d 530, 537 (1949)). *Accord State v. Young*, 294 N.W.2d 728, 730 (Minn.1980) (issue of whether vicarious liability statute which subjected defendants to prison term violated due process not justiciable because defendant was not sentenced to imprisonment).

■ Absent an actual attempt to use a specimen for some purpose, there can be no justiciable controversy regarding the adequacy of procedures and protocols employed when using the specimen for that purpose. The only direct and imminent injury that will result from the trial court order requiring appellant to provide a biological sample for DNA analysis is the intrusion that occurs when the required blood sample is withdrawn without appellant's consent. This limited intrusion does not violate appellant's due process rights. *See Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *Breithaupt v. Abram*, 352 U.S. 432, 77 S.Ct. 408, 1 L.Ed.2d 448 (1957).

## II.

Appellant next argues that he should not be required to provide a biological specimen because the statute makes no distinction between specimens taken from juveniles and specimens taken from adults. The failure to distinguish between adult and juvenile offenders, appellant argues, undermines the goal of preserving the confidentiality of juvenile court proceedings and records.

■ Juvenile court proceedings and records are generally confidential. *See* Minn.Stat. § 260.161, subds. 1, 2 (1990). Minn.Stat. § 609.3461 does require the creation of additional records in certain juvenile court proceedings and places these records under the control of the BCA. This may limit the protection afforded the confidentiality of juvenile court records in these proceedings. However, the protections of confidentiality cited by appellant are statutory. The legislature has authority to create exceptions to the policy of confidentiality it created by statute. It chose to create an exception when it enacted Minn.Stat. § 609.3461.

■ It should also be noted that the court's order directing appellant to provide a biological specimen for DNA analysis is required by Minn.Stat. § 609.3461. The statute does not grant the juvenile court discretionary authority to make the order; an order directing a delinquent juvenile to provide a biological specimen for DNA analysis is mandatory in all instances where the juvenile has been adjudicated delinquent for violating or attempting to violate Minn.Stat. §§ 609.342, 609.343, 609.-344, or 609.345. The mandatory nature of the statute supports the conclusion that the legislature believed that obtaining biological specimens in these instances warrants a limited exception to the general rule of confidentiality in juvenile proceedings.

## DECISION

The juvenile court order requiring appellant to provide a biological specimen for DNA analysis does not violate appellant's constitutional right to due process of law. Minn.Stat. § 609.3461 is a statutory exception to the rule of confidentiality in juvenile court proceedings.

Because our analysis of the issues presented in this case do not require an examination of the materials with which the respondent moved to supplement the record, we decline to rule on the motion.

Affirmed.