**STATE of Minnesota, Respondent,**

v.

**Yahye Elmi ABDISALAN, Appellant.**

No. C3–02–1149.

Court of Appeals of Minnesota.

June 3, 2003.

Mike Hatch, Attorney General, St. Paul, MN, and Amy Klobuchar, Hennepin County Attorney, Thomas A. Weist, Assistant County Attorney, Minneapolis, MN, for respondent.

John M. Stuart, State Public Defender, Marie Wolf, Assistant State Public Defender, Minneapolis, MN, for appellant.

Considered and decided by WRIGHT, Presiding Judge, RANDALL, Judge, and SHUMAKER, Judge.

## OPINION

GORDON W. SHUMAKER, Judge.

Although appellant could not recall the events that provided a factual premise for his plea, he pleaded guilty to first-degree burglary, admitting that there was sufficient evidence to support a conviction. Before sentencing, appellant moved to withdraw his plea. He argues that the district court abused its discretion by denying his motion because he entered his plea in haste, never admitted his guilt, and felt coerced by his defense attorney. Because appellant has failed to show that the district court abused its discretion in denying his motion to withdraw his plea, we affirm.

## FACTS

Appellant Yahye Elmi Abdisalan pleaded guilty to first-degree burglary. The facts presented in support of his plea show that at 2:00 a.m. on October 4, 2000, Abdisalan cut the screen covering an eight-year-old girl's bedroom window and entered the room. The girl woke up and told Abdisalan to leave before she called 911. The girl's five-year-old sister, who was also sleeping in the bedroom, woke up and began to cry. Abdisalan put his hand under the eight-year-old's bed covers and touched her vaginal area. She kicked him, and he left through the window as the

girl's sister began to scream. The eight-year-old described her assailant to the police, and they arrested Abdisalan. The girl later identified Abdisalan as her attacker from a photographic display. The police also found Abdisalan's fingerprints at the scene.

Abdisalan pleaded not guilty and requested a jury trial. Before the trial started, the state offered a plea bargain, but Abdisalan rejected it. During voir dire, he changed his mind, agreed to the plea bargain, and decided to plead guilty.

Although Abdisalan is a Somali immigrant, he stated at the time of his plea that he had no difficulty communicating with his attorney about the case; that he could speak, read, and write English sufficiently to enter his plea; that he understood the particular trial rights he would give up by pleading guilty; that no one had threatened or coerced him to get him to plead guilty; that he knew there could be immigration consequences, including deportation; and that he understood the DNA and sex-offender registration requirements. He also indicated that he and his attorney had discussed all of these issues and that he had been allowed sufficient time for the discussions.

Abdisalan testified that he was too intoxicated on the night of the crime to recall what had occurred, but after reading the police reports, hearing pretrial police testimony, and hearing the court's summary of the complaint, he believed there was sufficient evidence to convict him. Despite his lack of memory of the facts of the crime, Abdisalan decided to plead guilty to obtain a sentence at the low end of the guidelines and to avoid the risk of an upward departure.

Two weeks later, and before sentencing, Abdisalan moved to withdraw his plea, contending that he did not always understand everything, was concerned that a jury might not be fair to Somalians and Muslims, felt coerced by his lawyer who said there was only a 30% chance of acquittal, and felt the judge, prosecutor, and his own attorney were against him. The district court denied his motion, and he appealed.

## ISSUE

Even though he acknowledged his trial-related rights and the consequences of pleading guilty, agreed that he had sufficient opportunity to consult with his lawyer, and understood the facts against him, appellant moved to withdraw his plea of guilty before sentencing. He claimed his plea was entered in haste and was coerced.

Did the district court abuse its discretion by denying the motion to withdraw the plea?

## ANALYSIS

 The district court has broad discretion to permit the withdrawal of a plea of guilty. *Barragan v. State*, 583 N.W.2d 571, 572 (Minn.1998). This court will reverse only if it can fairly conclude that the district court abused its discretion. *Id.* A criminal defendant has no absolute right to withdraw a plea of guilty once it has been entered. *Alanis v. State*, 583 N.W.2d 573, 577 (Minn.1998).

 The rules of criminal procedure provide two bases upon which the district court may exercise its discretion to allow a criminal defendant to withdraw a plea of guilty. Minn. R.Crim. P. 15.05. The first requires that the defendant present "proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." *Id.*, subd. 1. A defendant may premise a motion to withdraw a plea on this basis either before or after sentencing. A manifest injustice occurs if a defendant's plea is not accurate, or is involuntary, or is

not intelligently entered. *Alanis*, 583 N.W.2d at 577. Such a plea is not valid, and it would be a manifest injustice to allow an invalid plea to stand. *Id.*

The second basis for plea withdrawal is the court's determination, upon considering the reasons for the motion and any prejudice to the prosecution, that "it is fair and just" to allow the withdrawal. Minn. R. Crim P. 15.05, subd. 2. A motion on this basis must be made before sentencing, but it does not require proof of manifest injustice. *Id.*

■ Abdisalan does not argue that to allow his plea to stand would be a manifest injustice, and he does not squarely challenge the validity of the plea. We address only those issues raised and argued before this court and that are shown by the record to have been presented to and considered by the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988). Thus, Abdisalan's presentencing motion to withdraw his plea of guilty seems to raise only the question of whether withdrawal would be fair and just.

■ Pointing to the quickness with which he made his motion and the fact that he never admitted his guilt, Abdisalan argues that his was a plea by a Muslim immigrant with limited command of English, who feared that a jury would not be fair because of the September 11 terrorism; whose pretrial suppression motion had been denied and whose lawyer felt the chance of acquittal was low, thereby causing him to feel alone in the system and coerced into pleading guilty; and who panicked and entered his plea in haste and with an "unsure heart and confused mind."

Abdisalan did quickly change his mind after he entered his plea. However, that fact is relevant to show an absence of prejudicial reliance on his plea by the prosecution. *See* Minn. R.Crim. P. 15.05, subd.

2 (absence of prejudice to the prosecution is one factor the court may consider in a presentence motion to withdraw a plea of guilty). And it is correct that he did not admit the facts underlying his plea. Instead, he said that he could not recall what happened but he chose to enter his plea on the strength of the case against him. *See State ex rel. Norgaard v. Tahash*, 261 Minn. 106, 113, 110 N.W.2d 867, 872 (1961) (accepting guilty plea was proper where defendant said he did not recall what happened but believed he would be convicted if tried by a jury). He argues on appeal that he consistently maintained his innocence. The record shows the contrary. When the court told him that it could not accept his plea if he denied his guilt, he stated that he was guilty but referred to his intoxication to explain his lack of recollection.

Abdisalan notes that English is his second language and that his comprehension is not 100%. The record shows that he understood the proceedings at which he entered his plea. His answers were precisely responsive to the questions, and he testified that he had been able to read the police reports and had sufficient command of English to enter his plea. Nothing objectively in the record suggests that Abdisalan failed to comprehend the nature, purpose, and consequences of his plea.

■ A plea of guilty must not be the product of coercion. *See State v. Ecker*, 524 N.W.2d 712, 719 (Minn.1994) (guilty plea may not be produced through actual or threatened physical harm or by mental coercion "overbearing the will of the defendant") (quoting *Brady v. United States*, 397 U.S. 742, 750–51, 90 S.Ct. 1463, 1470, 25 L.Ed.2d 747 (1970)). Abdisalan contends that he felt coerced when his defense lawyer told him there was a 70% chance that he would be convicted. But the record shows that his attorney never exerted

pressure on Abdisalan to plead guilty, always leaving that decision to him alone. Furthermore, the district court not only ensured that Abdisalan was told clearly of all his trial-related rights, the direct and collateral consequences of the sentence to be imposed, and the particular facts underlying the crime to which he was pleading guilty, but also made certain that his responses evinced a voluntary plea.

Finally, Abdisalan's contention that he entered his plea hastily is not supported by the record. The possibility of a plea bargain was raised two days before Abdisalan decided to plead guilty. During the course of pretrial proceedings and voir dire, he changed his mind back and forth about pleading guilty. When he finally decided to plead, his lawyer told him that he could have more time to think about his decision. Abdisalan chose to go ahead with the plea.

Considering the entire context in which Abdisalan's plea of guilty occurred, as demonstrated by the record, Abdisalan has failed to show that the district court abused its discretion in denying his motion to withdraw his plea of guilty.

## DECISION

The district court properly applied the fair-and-just standard for the withdrawal of a plea of guilty before sentencing and did not abuse its discretion in denying appellant's motion to withdraw his plea.

**Affirmed.**