*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

## STATE OF MINNESOTA
## IN COURT OF APPEALS
## A13-2015

State of Minnesota,
Respondent,

vs.

Green Isiah Kelly, Jr.,
Appellant.

**Filed October 14, 2014**
**Affirmed**
**Hooten, Judge**

Ramsey County District Court
File No. 62-CR-12-8958

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Benjamin J. Butler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Johnson, Judge; and Hooten, Judge.

## U N P U B L I S H E D   O P I N I O N

**HOOTEN**, Judge

Appellant seeks to withdraw his guilty plea to third-degree criminal sexual conduct, arguing that the district court did not consider his reasons for withdrawal under

the presentencing fair-and-just standard. Based on our review of the record, we are not persuaded that withdrawal is required under the manifest-injustice standard, or that this is a rare case where the district court abused its discretion in denying withdrawal of a guilty plea under the fair-and-just standard.

## FACTS

Respondent state of Minnesota charged appellant Green Isiah Kelly, Jr. with third-degree criminal sexual conduct, in violation of Minn. Stat. § 609.344, subd. 1(d) (2012), for allegedly engaging in sexual penetration with his former girlfriend, Q.M., while she was asleep.[1] Appellant attended a party at Q.M.'s residence between 3:30 and 3:45 a.m. on June 22, 2012. Appellant arrived at the party with Q.M.'s brother, M.D. When M.D. said he was leaving, Q.M. asked M.D. to give appellant a ride home. M.D. drove appellant to a residence a half mile away and dropped him off. Meanwhile, Q.M., who had been drinking, passed out. She awoke to find appellant on top of her with his penis in her vagina. She told appellant to leave and called M.D., who told her to call the police.

Appellant initially denied having sexual intercourse with Q.M. But DNA testing from a swab of Q.M.'s vagina revealed a sperm cell fraction mixture from two or more men, with the predominant profile matching appellant.

Appellant pleaded not guilty. After Q.M. testified on the second day of trial, members of appellant's family assaulted Q.M. as she was hailing a cab. Although appellant had nothing to do with the assault and the district court assured him that the assault would not be held against him, he decided to plead guilty. The plea was a straight

---

[1] The facts are taken from the complaint.

plea to third-degree criminal sexual conduct with the agreement that the district court would impose a sentence within the presumptive guidelines range of 130 to 180 months in prison, and that instead of a permissive consecutive sentence, the sentence would run concurrent with sentences appellant was serving on unrelated matters. The district court explained to appellant that his "worst-case scenario" would be if the 180-month sentence "was permissive consecutive."[2]

As the factual basis for the plea, appellant stated that he entered Q.M.'s residence through an unlocked door. Q.M. was sleeping on the couch. He picked her up, took her to her room, and took off her clothes; appellant "thought she was aware that it was [him], and [he] had sex." Appellant agreed that Q.M. was asleep at the time he "inserted [his] penis into her vagina," which made her physically helpless. She woke up, asked him what he was doing, told him to get up, and he left.

The day after appellant pleaded guilty, he contacted his attorney to tell him he wanted to withdraw his guilty plea. On June 17, 2013, appellant's counsel moved to withdraw the plea, citing both the manifest-injustice and fair-and-just standards for plea withdrawal, and requesting a transcript of the plea hearing. Appellant's counsel alleged that the plea was not voluntarily and knowingly entered because appellant "was under duress at the time he entered his plea." Appellant's counsel also explained that "[appellant] was forced to enter a plea" because of the effect his family members' behavior had on the trial. At the hearing, appellant's counsel told the district court that

---

[2] But, according to the sentencing guidelines, a criminal-history score of zero is used when a permissive consecutive sentence is imposed. Minn. Sent. Guidelines 2.F.2.a., 6 (Supp. 2011).

appellant "felt the pressure that he had to plea, that he had no choice" because of his family's behavior towards Q.M.[3]

The district court denied appellant's motion to withdraw his guilty plea because appellant had not shown that he was physically forced into pleading guilty by "some outside force" as opposed to internal compulsion. The district court imposed and executed a sentence of 180 months, the top of the presumptive guidelines range. *See* Minn. Sent. Guidelines 4 (Supp. 2011). This is also the statutory maximum sentence for third-degree criminal sexual conduct. *See* Minn. Stat. § 609.344, subd. 2 (2010) (setting maximum term of imprisonment for third-degree criminal sexual conduct at 15 years).

## D E C I S I O N

In his motion to the district court, appellant sought withdrawal of his guilty plea under both the manifest-injustice and fair-and-just standards. Appellant's argument on appeal is that the district court failed to properly apply the fair-and-just standard to his presentencing guilty-plea withdrawal motion. Based on our review of the record, the district court found no cause to permit withdrawal under the manifest-injustice standard, and we are not persuaded that the district court abused its discretion in denying plea withdrawal under the fair-and-just standard.

"A criminal defendant has no absolute right to withdraw a guilty plea once entered." *Perkins v. State*, 559 N.W.2d 678, 685 (Minn. 1997). "[T]he Minnesota Rules of Criminal Procedure allow a defendant to seek to withdraw a guilty plea in two

---

[3] Appellant makes these same points concerning his reasons for seeking to withdraw his plea in his pro se supplemental brief.

4

circumstances." *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). First, a court must permit guilty-plea withdrawal at any time, even after sentencing, if "withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. Second, a district court has discretion to allow a defendant to withdraw a guilty plea before sentencing "if it is fair and just to do so." *Id.*, subd. 2. If the record shows that the manifest-injustice standard is met, we need not review the plea under the fair-and-just standard. *See Theis*, 742 N.W.2d at 646. We therefore begin our review with the manifest-injustice standard.

The validity of a guilty plea under the manifest-injustice standard is a question of law that is reviewed de novo on appeal. *See State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). In order to be valid, a guilty plea must be voluntary, accurate, and intelligent. *Perkins*, 559 N.W.2d at 688. A manifest injustice occurs when a guilty plea does not meet these requirements and withdrawal is required. *Theis*, 742 N.W.2d at 650. Appellant's motion for withdrawal in district court focused on the voluntary and intelligent requirements. The voluntariness requirement insures that a guilty plea is not entered because of any "improper pressures or inducements." *Brown v. State*, 449 N.W.2d 180, 182 (Minn. 1989). Whether a plea is voluntary is a fact question for the district court, which we do not disturb unless it is clearly erroneous. *State v. Danh*, 516 N.W.2d 539, 544 (Minn. 1994). Voluntariness can only be determined by considering "all of the relevant circumstances surrounding it." *Id.* (quotation omitted). "[T]he intelligent requirement insures that the defendant understands the charges, his or her

rights under the law, and the consequences of pleading guilty." *State v. Wukawitz*, 662 N.W.2d 517, 522 (Minn. 2003) (quotation omitted).

Appellant's only stated reason for seeking withdrawal was that he felt "pressure" to plead guilty because his family members assaulted Q.M. after she testified. Although the assault was without his knowledge or direction, appellant appears to have been concerned that the assault would reflect poorly on him in the jury trial. After fully reviewing the transcript of the plea hearing, the district court found "no cause to allow [appellant] to withdraw [his] plea," because the alleged coercion upon appellant to plead guilty was not by some "outside force." Based on our review of the record, we conclude that the district court's findings concerning the voluntariness of the plea are not clearly erroneous.

Additionally, we note that a defendant's personal feeling of pressure to plead guilty without more does not render a plea involuntary. *See Raleigh*, 778 N.W.2d at 96 (rejecting argument that plea was involuntary where defendant did not explain how stress, improper pressure, or coercion influenced his plea decision); *State v. Ecker*, 524 N.W.2d 712, 719 (Minn. 1994) (noting plea may not be produced through actual or threatened physical harm or mental coercion "overbearing the will of the defendant" (quotation omitted)). And there is nothing in the record to support appellant's claim of coercion. Appellant was represented by counsel, and he signed a plea petition pursuant to Minn. R. Crim. P. 15.01, affirming that he had enough time to talk to his attorney and understood the charges and trial rights he was waiving by pleading guilty. In the plea petition, appellant acknowledged that he had been fully informed as to the consequences

6

of his plea and denied that he had been threatened or promised anything other than the plea agreement. At the time he entered his guilty plea, appellant stated that he did not feel threatened and denied that he was pleading guilty due to pressure. In fact, he was advised on the record that what happened between his family and Q.M. would not be held against him by the court or the prosecutor if he continued to proceed with the trial. The plea petition identified the agreement for a guidelines sentence and the opportunity to argue for the low end of the presumptive sentencing range. There was a lengthy discussion on the record about appellant's criminal-history score and the presumptive sentencing range. And the district court notified appellant that he was subject to conditional release and predatory-offender registration. The record supports the district court's conclusion that there was no cause requiring withdrawal under the manifest-injustice standard.

We next consider whether appellant's stated reason for withdrawal, the pressure he felt due to his family's conduct, was sufficient under the fair-and-just standard. We review the district court's application of the fair-and-just standard for an abuse of discretion. *See Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989). "In determining whether a defendant's reason for withdrawal is fair and just, a district court must give due consideration to two factors: (1) the reasons a defendant advances to support withdrawal and (2) [any] prejudice granting the motion would cause the [s]tate [as a result of] reliance on the plea." *State v. Lopez*, 794 N.W.2d 379, 382 (Minn. App. 2011) (alterations in original) (quotations omitted). "We also consider the entire context in which [the defendant's] plea of guilty occurred, as demonstrated by the record." *Id.*

(alterations in original) (quotations omitted). The defendant bears the burden of advancing reasons, and the state bears the burden of showing prejudice. *Raleigh*, 778 N.W.2d at 97. "The range of bases upon which a motion to withdraw a plea before sentencing may be granted is broad, not limited by the rule." *Anderson v. State*, 746 N.W.2d 901, 910 (Minn. App. 2008). The only restriction on the district court's discretion is that withdrawal may not be permitted "for any reason or without good reason" so as to dissuade defendants from using the plea process to continue the trial. *Kim*, 434 N.W.2d at 266.

Appellant contends that the district court did not properly exercise its discretion under the fair-and-just standard. But based on our review of the facts and circumstances in the plea hearing transcript, it is apparent that the district court properly considered and rejected appellant's motion for withdrawal under the fair-and-just standard. Before ruling on appellant's withdrawal motion, the district court acknowledged its review of the 47-page plea hearing transcript. As we have previously discussed, there is nothing in the transcript to support appellant's contention that he felt pressured into pleading guilty, particularly when the district court assured him that the court and prosecutor would not hold him responsible for his family's conduct. *See Raleigh*, 778 N.W.2d at 97 (reviewing plea hearing transcript and determining there was no support for assertion that plea was coerced); *State v. Abdisalan*, 661 N.W.2d 691, 694−95 (Minn. App. 2003) (considering entire context of plea as demonstrated by record, and holding defendant failed to show any support that his plea was coerced), *review denied* (Minn. Aug. 19, 2003). Because

appellant did not present a fair-and-just reason for his plea withdrawal, the district court did not abuse its discretion in denying his motion.

The district court did not expressly consider whether the state would be prejudiced by withdrawal of the plea. It is unnecessary to review prejudice to the prosecution when a defendant has failed to assert a fair-and-just reason for plea withdrawal. *See Raleigh*, 778 N.W.2d at 98. Although unnecessary to our decision, we note that under the circumstances of this case, where the guilty plea was entered in the middle of a criminal sexual conduct trial after the victim had testified, prejudice to the state's case is apparent. *See State v. Kaiser*, 469 N.W.2d 316, 320 (Minn. 1991) (stating "it would be an extremely rare case" where a reviewing court would reverse denial of a guilty-plea-withdrawal motion under the fair-and-just standard where defendant pleaded guilty "in the middle of a rape trial after the complainant had testified").

### Pro se supplemental brief.

Appellant's pro se supplemental brief raises the same guilty-plea withdrawal issue as his counsel. We have reviewed these arguments and conclude that plea withdrawal is not warranted. The only request appellant makes that is not also raised by counsel is that a different district court judge be assigned to his case if his case is remanded. Because we are affirming the district court's denial of appellant's request to withdraw his guilty plea, this issue need not be addressed.

**Affirmed.**