*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1534**

State of Minnesota,
Respondent,

vs.

Ann Adrion Schoch,
Appellant.

**Filed June 15, 2015
Affirmed
Hudson, Judge**

Ramsey County District Court
File No. 62-CR-14-3112

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Benjamin Butler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Hudson, Judge; and Smith, Judge.

UNPUBLISHED OPINION

**HUDSON**, Judge

Appellant challenges the district court's denial of her motion to withdraw her guilty plea, arguing that the district court applied the wrong legal standard in determining whether plea withdrawal was appropriate. She also argues that the no-contact order issued by the district court as a term of her probation is unconstitutionally vague. Because the record establishes that the district court applied the proper legal standard in evaluating appellant's motion for plea withdrawal and because appellant has not demonstrated a justiciable controversy regarding the terms of her no-contact order, we affirm.

## FACTS

In May 2014, the state charged appellant Anne Adrion Schoch with one count of third-degree controlled substance violation, one count of disarming a police officer, and one count of violation of an order for protection (OFP). The complaint alleged that appellant entered the home of her mother, who had an OFP against appellant, that appellant attempted to take the baton weapon from a police officer who responded to her mother's home, and that officers located cocaine on appellant after they arrested her. At a June 4, 2014 omnibus hearing, appellant informed the district court that she wished to enter into a plea agreement where she would plead guilty to an amended charge of fifth-degree controlled substance violation and disarming a police officer in exchange for dismissal of the OFP violation charge and a stay of imposition of sentence. Appellant waived her trial rights, including the right to present evidence and call witnesses to testify

2

on her behalf, admitted to the elements of each offense, and informed the district court that she was pleading guilty "because [she] was guilty" and that she had no argument with the "facts laid out by the [state]." The district court accepted appellant's plea, ordered a pre-sentence investigation, and scheduled the matter for sentencing.

At the subsequent sentencing hearing, appellant informed the district court that she wished to discharge her plea counsel and to withdraw her guilty plea. She stated that she wanted to withdraw her plea because she discovered that counsel had failed to inform her that he had seen a video of her arrest and because she received a letter from a person claiming to be an eyewitness to the incident. She also indicated to the district court that she originally pleaded guilty to take advantage of the stay of imposition after plea counsel informed her that she was unlikely to prevail at trial. The district court denied appellant's motion, noting that appellant signed a plea petition, admitted that she was guilty of both offenses, and provided a factual basis encompassing the elements of both offenses. The district court informed appellant that it had been very thorough at the plea hearing, that she had been advised of her rights, and that "[t]he question and answer scenario that we went through when you pled guilty convinced me that you knew what you were doing, that you were accepting responsibility." The district court proceeded with sentencing and imposed a sentence that was consistent with the terms of the plea agreement. As a term of probation, the district court issued a domestic abuse no-contact order, which required appellant to stay away from "anywhere the victim lives, works, or in the community." This appeal follows.

## DECISION

### I

Appellant argues that the district court applied the wrong legal standard in evaluating her motion to withdraw her guilty plea. There are two circumstances in which a defendant may withdraw a guilty plea. *State v. Raleigh*, 778 N.W.2d 90, 93 (Minn. 2010). First, the district court must allow a defendant to withdraw a guilty plea at any time if "withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. Second, the district court must allow a defendant to "withdraw a plea at any time before sentence if it is fair and just to do so." *Id.*, subd. 2. The fair-and-just standard is less demanding than the manifest-injustice standard. *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007).

Appellant concedes that she did not demonstrate that withdrawal of her plea was necessary to correct a manifest injustice, but asserts that she established fair-and-just reasons to withdraw her plea. In ruling on a motion brought under the fair-and-just standard, a district court "must give due consideration to the reasons advanced by the defendant in support of the motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea." Minn. R. Crim. P. 15.05, subd. 2. The defendant has the burden of proving that a fair-and-just reason for withdrawal exists, and the state has the burden of proving that prejudice would occur if the plea were withdrawn. *Raleigh*, 778 N.W.2d at 97. But even if the state does not establish prejudice, the district court does not abuse its discretion by denying plea withdrawal "if the defendant fails to advance valid reasons why withdrawal

4

is fair and just." *State v. Cubas*, 838 N.W.2d 220, 224 (Minn. App. 2013), *review denied* (Minn. Dec. 31, 2013).

We review a district court's decision to deny a motion to withdraw a guilty plea under the fair-and-just standard for an abuse of discretion. *Id.* In making this determination, we consider "the entire context" in which the plea occurred. *State v. Abdisalan*, 661 N.W.2d 691, 695 (Minn. App. 2003), *review denied* (Minn. Aug. 19, 2003). A district court abuses its discretion when denying a defendant's motion to withdraw a guilty plea if the record establishes that the district court did not consider the motion under the proper legal standard. *Cubas*, 838 N.W.2d at 224.

Here, the district court did not expressly reference either the fair-and-just or manifest-injustice standard, but stated that it denied appellant's motion because she signed a plea petition indicating that she was guilty of the charged offenses; she voluntarily provided an adequate factual basis for those offenses; and she repeatedly informed the district court during the plea hearing that she was pleading guilty because she was guilty. Appellant contends that, because those factors are relevant only to the accuracy and intelligence of her plea, the district court only considered whether withdrawal was necessary to prevent a manifest justice. *See Anderson v. State*, 746 N.W.2d 901, 911 (Minn. App. 2008) (stating that a manifest justice occurs when a guilty plea is not accurate, voluntary, and intelligent). We disagree.

Though the factors that the district court considered are relevant to the accuracy and intelligence of appellant's plea, they are also pertinent to a district court's "due consideration" of whether there are fair-and-just reasons to permit plea withdrawal. We

5

previously concluded that the district court does not abuse its discretion in denying a pre-sentence motion to withdraw a guilty plea if "[n]othing objectively in the record suggests that [the defendant] failed to comprehend the nature, purpose, and consequences of [the] plea." *Abdisalan*, 661 N.W.2d at 694. Thus, when determining whether a defendant has established fair-and-just reasons to withdraw her plea, the district court may consider whether defense counsel pressured the defendant to plead guilty, whether the defendant was informed of her trial rights, and whether the defendant's factual basis underlying the offenses demonstrated that the defendant entered the plea voluntarily. *See id.* at 694–95 (concluding, based on those reasons, that the district court did not abuse its discretion in denying plea-withdrawal motion). We therefore conclude that the record establishes that the district court engaged in the proper legal analysis in determining whether appellant should be permitted to withdraw her guilty plea.

Likewise, we also conclude that the district court properly determined that appellant did not establish a fair-and-just reason to withdraw her plea. The district court had no obligation to believe appellant's claim that newly-discovered evidence would exonerate her at trial when appellant admitted to facts in her plea colloquy that established her guilt. *See State v. Tuttle*, 504 N.W.2d 252, 256–57 (Minn. App. 1993) (affirming district court's decision to reject defendant's claim of innocence when guilty plea contained admission establishing guilt). The fact that appellant stated that she pleaded guilty to take advantage of a favorable plea bargain after plea counsel informed her that she was unlikely to prevail at trial is also insufficient to warrant plea withdrawal. *See State v. Ecker*, 524 N.W.2d 712, 719 (Minn. 1994) (noting that defendant's

6

motivation to avoid more charges or serious penalties is insufficient to support withdrawal of guilty plea). And because appellant did not present a valid reason for plea withdrawal, the district court did not abuse its discretion by denying appellant's motion even though the state did not establish prejudice at the sentencing hearing. *Cubas*, 838 N.W.2d at 224; *see also State v. Farnsworth*, 738 N.W.2d 364, 372 (Minn. 2007) (stating that "defendants may not withdraw their guilty pleas for simply any reason before a sentence is imposed"). Because appellant did not meet her burden to establish fair-and-just reasons to withdraw her guilty plea, we affirm the district court's denial of appellant's motion to withdraw her plea.

## II

Appellant also argues for the first time on appeal that her no-contact order, which the district court issued as a term of her probation, is unconstitutionally vague. The void-for-vagueness doctrine, which arises under the federal and state due-process clauses, "requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *State v. Bussmann*, 741 N.W.2d 79, 83 (Minn. 2007) (quotation omitted). No-contact orders must comply with the void-for-vagueness doctrine to be constitutionally valid. *State v. Phipps*, 820 N.W.2d 282, 286 (Minn. App. 2012).

Because appellant did not argue that her no-contact order was unconstitutionally vague to the district court and because we do not consider constitutional questions for the first time on appeal, we conclude that appellant has waived review of this issue. *See*

*State v. Frazier*, 649 N.W.2d 828, 839 (Minn. 2002) (stating that constitutional questions will generally not be considered for the first time on appeal). But even if we were to consider the issue, we would conclude that appellant is not entitled to relief because she has not established a justiciable controversy for our review. To establish a justiciable controversy, a party "must show a direct and imminent injury which results from the alleged unconstitutional provision." *State v. Colsch*, 284 N.W.2d 839, 841 (Minn. 1979). Issues that "have no existence other than in the realm of future possibility are purely hypothetical and are not justiciable." *Id.* at 842 (quotation omitted).

Here, appellant has not been sanctioned for violating the no-contact order, nor did she establish that her movement is otherwise arbitrarily restricted by the order. Generally, a defendant cannot establish a justiciable controversy regarding the imposition of a probationary condition until that condition causes the defendant to suffer some sort of sanction or injury. *See id.* (holding that constitutionality of probationary condition which authorized search and seizure of defendant was not ripe for decision until a search was made and evidence was seized against the defendant); *see also Williams v. Comm'r of Pub. Safety*, 830 N.W.2d 442, 446 (Minn. App. 2013) (concluding "that a due process violation is not justiciable until the alleged violation has actually occurred"), *review denied* (Minn. July 16, 2013). Because appellant has not demonstrated that she suffered an injury that resulted from enforcement of the no-contact order, we conclude that

appellant has not presented a justiciable controversy for our resolution, and we reject her

challenge to the no-contact order.[1]

**Affirmed.**

---

[1] Appellant also raises several issues for review in her pro se supplemental brief. Her arguments refer to evidence outside the scope of the record and are not supported by legal authority. They therefore are waived. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) (stating that arguments not raised to the district court are waived on appeal); Minn. R. Civ. App. P. 110.01 (stating that the record on appeal is comprised of "[t]he documents filed in the [district] court, the exhibits, and the transcript of the proceedings, if any").