*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0176**

State of Minnesota,
Respondent,

vs.

Corey Edward Fisherman,
Appellant.

**Filed December 21, 2015
Affirmed
Connolly, Judge**

Beltrami County District Court
File No. 04-CR-14-1957

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Annie Claesson-Huseby, Beltrami County Attorney, David P. Frank, Assistant County Attorney, Bemidji, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Richard Schmitz, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Johnson, Judge; and Klaphake, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**CONNOLLY**, Judge

Appellant challenges the district court's decision denying his motion to withdraw his guilty plea arguing that it was not fair and just to deny it in light of the motion being made immediately after the appellant pleaded guilty. We affirm.

## FACTS

Appellant Corey Edward Fisherman was arrested on suspicion of domestic assault on June 21, 2014. At a plea hearing on October 6, 2014, appellant pleaded guilty to one count of felony domestic assault which would also constitute an admission of violating his probation. Appellant's plea was on a *Norgaard* basis because appellant claimed he did not remember the incident due to intoxication.[1] Appellant agreed, based on the statements of T.M. (appellant's former domestic partner and the victim) and neighbors, that there would be a substantial likelihood that appellant would be found guilty of assaulting T.M. Appellant had a previous misdemeanor domestic assault conviction from December 13, 2013, and a gross misdemeanor domestic abuse no contact order violation which occurred on March 28, 2014.

After pleading guilty, appellant, through his attorney, requested a furlough in order to visit his infant daughter, a child that appellant had with the victim who was born after the assault, and to get his financial affairs in order before being sent to prison. The plea

---

[1] "A plea constitutes a *Norgaard* plea if the defendant asserts an absence of memory on the essential elements of the offense but pleads guilty because the record establishes, and the defendant reasonably believes, that the state has sufficient evidence to obtain a conviction." *Williams v. State*, 760 N.W.2d 8, 12 (Minn. App. 2009); *see State ex rel. Norgaard v. Tahash*, 261 Minn. 106, 110 N.W.2d 867 (1961).

agreement was clearly communicated, on the record, by appellant's attorney at the October 6, 2014, hearing and at no point was the furlough mentioned as part of the agreement. The district court judge denied his request. Following the court's post-plea denial of appellant's request for a furlough, appellant moved to withdraw his guilty plea, claiming that his wish to get out and "take care of business before going down" was the only reason he pleaded guilty. At a hearing the following day regarding the motion to withdraw his guilty plea, appellant argued that frustration with the district court's decision regarding the furlough request was the reason supporting the motion.

The district court found that appellant's guilty plea was made knowingly and intelligently, that he understood the agreement, that he answered questions regarding his lack of memory of the incident, and that he explained why he did not have a memory of the incident. The district court judge explained that she typically does not grant furloughs to people going to prison but attempted to contact the jail about visits with his infant daughter and recommended appellant work with his lawyer to take care of his personal financial affairs. At a hearing on November 4, 2014, appellant was sentenced to 29 months in prison on the felony domestic assault charge.

This appeal follows.

## DECISION

"A defendant has no absolute right to withdraw a guilty plea after entering it." *State v. Raleigh*, 778 N.W.2d 90, 93 (Minn. 2010). There are two relevant standards for guilty-plea withdrawal depending on whether the request is made before or after sentencing. The district court's decision to permit withdrawal under the fair-and-just

standard, which is applied when the motion is made prior to sentencing, is discretionary. Minn. R. Crim. P. 15.05, subd. 2. "[T]he 'ultimate decision' of whether to allow withdrawal under the '[fair-and-just]' standard is 'left to the sound discretion of the [district] court, and it will be reversed only in the rare case in which the appellate court can fairly conclude that the [district] court abused its discretion.'" *State v. Kaiser*, 469 N.W.2d 316, 320 (Minn. 1991) (quoting *Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989)). If a defendant requests to withdraw his plea after sentencing, the manifest-injustice standard applies to the case. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010); Minn. R. Crim. P. 150.05, subd. 1 (2015).

Because this plea withdrawal motion was made prior to sentencing, under Minn. R. Crim. P. 15.05, the fair-and-just standard applies. In considering whether it is fair and just to allow a defendant to withdraw a plea, the district court is required to consider two factors: "(1) the reasons a defendant advances to support withdrawal and (2) prejudice granting the motion would cause the State given reliance on the plea." *Raleigh*, 778 N.W.2d at 97. The defendant has the burden of showing sufficient reasons to support plea withdrawal, while the state has the burden of showing prejudice. *Id*. Although the fair-and-just standard "is less demanding than the manifest injustice standard, it does not allow a defendant to withdraw a guilty plea for simply any reason." *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007) (quotation omitted).

"When a guilty plea is entered, it must be accurate, voluntary, and intelligent (that is, knowing and understanding)." *State v. Farnsworth*, 738 N.W.2d 364, 372 (Minn. 2007). However, just because a plea is entered, accurately, knowingly, and intelligently,

4

does not necessarily mean defendant lacked a fair-and-just reason to withdraw the plea. *See State v. Kaiser*, 469 N.W.2d 316, 319 (Minn. 1991) (holding that even though the guilty plea was made accurately, voluntarily, and intelligently, defendant could still argue that his attorney had coerced him into pleading guilty and the trial court erred in not granting defendant's request to testify at the hearing in support of his own claim that there was a fair-and-just reason to withdraw defendant's guilty plea).

**1.     Did the district court wrongfully apply the manifest-injustice standard rather than the fair-and-just standard?**

Appellant first argues that the district court used the manifest-injustice standard rather than the fair-and-just standard. In making this determination, we consider "the entire context" in which the plea occurred. *State v. Abdisalan*, 661 N.W.2d 691, 695 (Minn. App. 2003), *review denied* (Minn. Aug. 19, 2003). A district court abuses its discretion when denying a defendant's motion to withdraw a guilty plea if the record establishes that the district court did not consider the motion under the proper legal standard. *State v. Cubas*, 838 N.W.2d 220, 224 (Minn. App. 2013), *review denied* (Minn. Dec. 31, 2013).

Here, the district court did not expressly reference either the fair-and-just or manifest-injustice standard, but stated that it denied appellant's motion because the plea was a knowing and intelligent plea, appellant answered the questions and understood them, appellant provided answers to questions regarding whether or not he had any memory of the event, appellant explained why he did not have such a memory, and that the reason for the motion was his opinion of the court's decision to deny a furlough.

5

Appellant argues the district court only considered whether withdrawal was necessary to prevent a manifest injustice and not under the fair-and-just standard. *See Anderson v. State*, 746 N.W.2d 901, 911 (Minn. App. 2008) (stating that a manifest injustice occurs when a guilty plea is not accurate, voluntary, and intelligent). We disagree.

Though the factors that the district court considered are relevant to the accuracy and intelligence of appellant's plea, they are also pertinent to a district court's "due consideration" of whether there are fair-and-just reasons to permit plea withdrawal. The district court does not abuse its discretion in denying a presentence motion to withdraw a guilty plea if "[n]othing objectively in the record suggests that [the defendant] failed to comprehend the nature, purpose, and consequences of [the] plea." *Abdisalan*, 661 N.W.2d at 694. Thus, when determining whether a defendant has established fair-and-just reasons to withdraw his plea, the district court may consider whether defense counsel pressured the defendant to plead guilty, whether the defendant was informed of his trial rights, and whether the defendant's factual basis underlying the offenses demonstrated that the defendant entered the plea voluntarily. *See id.* at 694-95 (concluding, based on those reasons, that the district court did not abuse its discretion in denying the plea-withdrawal motion).

The record establishes that the district court engaged in the proper legal analysis in determining whether appellant should be permitted to withdraw his guilty plea. Appellant was asked, and answered in the affirmative, that (1) he was clear of mind and not on any medication that would make it difficult for him to understand the proceedings; (2) he could read and write the English language; (3) he understood he was being charged

6

with one count of felony domestic assault; (4) he understood the maximum penalty for felony domestic assault that he could be given; (5) he was satisfied with his attorney, who was fully informed of the facts surrounding the case, and that he had enough time to review the case with his attorney; (6) he understood he had the right to maintain his not guilty plea and had a right to a jury trial and a privilege against self-incrimination; and (7) he understood that he would be "waiving, or giving up, each of the rights" the court went over.

Furthermore, the court asked if appellant wished to give up the rights that the court listed and enter a guilty plea to committing domestic assault back on June 21st in Beltrami County. Appellant answered in the affirmative and also admitted that he was making his decision knowingly and voluntarily after an opportunity to talk with his attorney. The court also reviewed all of the reports by neighbors, the police, and T.M. that would be brought against him at trial and appellant agreed that based on that evidence, there would be a substantial likelihood that appellant would be found guilty of assaulting T.M. Regardless of whether the court stated so explicitly on the record, this court concludes that appellant voluntarily waived his rights, an adequate factual basis for the plea has been established, and the appellant made the plea with full knowledge of his trial rights.

**2. Did the district court abuse its discretion in rejecting appellant's argument to support a plea withdrawal?**

Appellant's only argument for withdrawing the guilty plea was because he was frustrated with the district court's decision to deny his furlough request. "Public policy

favors the finality of judgments and courts are not disposed to encourage accused persons to play games with the courts by setting aside judgments of conviction based upon pleas made with deliberation and accepted by the court with caution. *Kaiser v. State*, 641 N.W.2d 900, 903 (Minn. 2002) (quotations omitted). If a court permitted a defendant to withdraw his plea any time he was unhappy with a subsequent decision by the district court, the integrity of the plea-bargaining process would be compromised. *See Kim*, 434 N.W.2d at 263 ("Underlying [Minn. R. Crim. P. 15.05] is the notion that giving a defendant an absolute right to withdraw a plea before sentence would undermine the integrity of the plea-taking process."). Therefore, we will not reverse a denial of a motion to withdraw a guilty plea based on no other reason than frustration with a district court decision on a matter unrelated to the plea agreement.

**3. Did the district court abuse its discretion in denying appellant's guilty plea withdrawal because the state failed to show prejudice resulting from the plea withdrawal?**

Appellant next argues that the state's failure to show prejudice resulting from the plea withdrawal is further proof that the district court abused its discretion. Contrary to appellant's assertion, the state was not required to prove prejudice in order for the district court to deny the plea withdrawal request. "Even when there is no prejudice to the state, a district court may deny plea withdrawal under rule 15.05, subdivision 2, if the defendant fails to advance valid reasons why withdrawal is fair and just." *State v. Cubas*, 838 N.W.2d at 224. The state's failure to assert prejudice did not preclude the district court from exercising its discretion to deny appellant's plea withdrawal motion given his lack of a valid reason for withdrawal.

**4.** **Should the appellant be allowed to withdraw his guilty plea because the district court had not formally accepted the plea on the record?**

Appellant also argues that because the district court had not formally accepted the plea, it is fair and just that appellant should be able to withdraw it. A court's disposition of a guilty plea is not required by Minn. R. Crim. P. 15.05. The rule states:

> Before Sentence. In its discretion the court may allow the defendant to withdraw a plea at any time before sentence if it is fair and just to do so. The court must give due consideration to the reasons advanced by the defendant in support of the motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea.

Minn. R. Crim. P. 15.05, subd. 2. Appellant cites to *State v. Jeffries*, 806 N.W.2d 56, 62 (Minn. 2011) to argue that a court must formally adjudicate a guilty plea in one of three ways in order for the plea to be actualized. However, *Jeffries* states:

> [A]t a hearing after a defendant tenders a valid guilty plea, the trial court may order any of three separate dispositions: accept the plea on the terms of the plea agreement, reject the plea, or defer its decision to accept or reject the plea pending completion of a presentence investigation.

*Id.* at 62. Even in *Jeffries*, the court states that "a valid guilty plea" must first be entered before a court can act. Minn. R. Crim. P. 15.05 subd. 2 states that the court may allow the defendant to withdraw a plea at any time before sentence, without a requirement that the court dispose of the guilty plea. Appellant fails to provide a compelling argument as to why it would be fair and just to allow the appellant to withdraw his plea just because the court had not yet disposed of the guilty plea when Minn. R. Crim. P. 15.05 does not provide such a right.

9

**5.**     **Did the district court err in denying the plea withdrawal because the district court failed to state on the record that it found a voluntary waiver of rights and established an adequate factual basis?**

Finally, appellant argues that at no point in the hearing did the court state, on the record, that it found a voluntary waiver of rights and that an adequate factual basis had been established. As discussed above, there was clearly a voluntary waiver of rights and an adequate factual basis had been established. Appellant points to no authority that indicates a court must affirmatively state on the record that it finds a voluntary waiver of rights and that an adequate factual basis had been found and, in fact, this court has held the opposite. *See State v. Johnson*, 867 N.W.2d 210, 217 (Minn. App. 2015) (holding that there is no requirement in a *Norgaard* guilty plea for the district court to make an express finding on the record that there is a strong probability that the defendant would be found guilty of the crime to which he is pleading guilty).

This is not the "rare case" in which the district court abuses its discretion by denying plea withdrawal under Minn. R. Crim. P. 15.05, subd. 2. *Kim*, 434 N.W.2d at 266. Based on this record, the district court did not abuse its discretion in denying appellant's motion to withdraw his *Norgaard* plea.

**Affirmed.**