*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1216**

Semaj Williams, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent

**Filed March 28, 2016
Affirmed
Worke, Judge**

Hennepin County District Court
File Nos. 27-CR-11-22629, 27-CR-11-22627

Cathryn Middlebrook, Chief Appellate Public Defender, Sean Michael McGuire, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

        Considered and decided by Worke, Presiding Judge; Schellhas, Judge; and Johnson, Judge.

UNPUBLISHED OPINION

**WORKE**, Judge

Appellant argues that the district court abused its discretion by denying his petition for postconviction relief because it was fair and just to allow him to withdraw his guilty plea. We affirm.

## FACTS

On May 15, 2012, faced with a first-degree-murder charge, appellant Semaj Williams expressed his intent to accept a plea to a lesser offense of second-degree intentional murder. The district court continued the matter to May 23, for a plea hearing.

On May 23, Williams did not accept the state's offer because he intended to hire an expert for trial. Williams next appeared on November 6, 2012, for jury selection. On November 7, the district court denied Williams's request for another continuance. Williams subsequently accepted the state's offer for a reduced sentence and pleaded guilty to aiding and abetting second-degree intentional murder. During Williams's plea, the following occurred:

> DEFENSE COUNSEL: Do you feel that you've had enough time to talk with me and that I've explained everything to you?
> DEFENDANT: Yes.
> DEFENSE COUNSEL: And that I'm fully informed as to the facts of this case?
> DEFENDANT: Yes.
> DEFNENSE COUNSEL: And is this your signature –
> DEFENDANT: Somewhat.
> DEFENSE COUNSEL: What was—"somewhat" to what?
> DEFENDANT: Phone records. We still didn't get the phone records, but that was the only thing. But, yes. Other than that, yes.

> DEFENSE COUNSEL: It's your feeling and belief that of all the evidence that we have, I fully understand it and we've talked about it?
> DEFENDANT: Correct.

After the plea, the district court scheduled a sentencing hearing.

In January 2013, Williams moved to withdraw his guilty plea pursuant to Minn. R. Crim. P. 15.05, subd. 2. Williams argued that plea withdrawal was fair and just because he was a young man facing a lengthy sentence, pleading guilty was not in his best interests, and he wished to hire a cellphone expert. Williams also argued that his motion was "timely" and "made with due diligence." The state opposed, arguing that the motion was not timely, withdrawal was not fair and just, and withdrawal would prejudice the state. The district court denied Williams's motion.

On March 26, 2013, the district court sentenced Williams. Williams filed a notice of appeal but voluntarily dismissed his appeal. In March 2015, Williams filed a petition for postconviction relief, claiming that his plea should be vacated because: (1) the district court analyzed his withdrawal motion using an incorrect standard; and (2) it was fair and just to grant his presentence motion. The postconviction court denied Williams's petition. This appeal follows.

## D E C I S I O N

### *Postconviction relief*

Williams argues that his guilty plea should be vacated because plea withdrawal was fair and just. "When reviewing a postconviction court's decision, we examine only whether the postconviction court's findings are supported by sufficient evidence."

3

*Lussier v. State*, 821 N.W.2d 581, 588 (Minn. 2012) (quotation omitted).  We will reverse only if the postconviction court abused its discretion.  *Id.*  But the postconviction court's legal conclusions are reviewed de novo.  *Greer v. State*, 836 N.W.2d 520, 522 (Minn. 2013).

A defendant does not have an absolute right to withdraw a guilty plea after entering it.  *State v. Raleigh*, 778 N.W.2d 90, 93 (Minn. 2010).  A district court must allow a defendant to withdraw his guilty plea if, upon a timely motion, the defendant presents sufficient proof that withdrawal is necessary to correct a "manifest injustice." Minn. R. Crim. P. 15.05, subd. 1.  Before sentencing, a defendant may also be allowed to withdraw his guilty plea if it is "fair and just."  *Id.*, subd. 2.  Under the fair-and-just standard: "The [district] court must give due consideration to the reasons advanced by the defendant in support of the motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea." *Id.*  This standard "is less demanding than the manifest injustice standard, [but] it does not allow a defendant to withdraw a guilty plea for . . . any reason."  *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007) (quotation omitted).

Here, Williams asserts that plea withdrawal was fair and just because he was a young man facing a lengthy sentence.  But Williams fails to cite any caselaw supporting this consideration.  Moreover, the record indicates that he understood the consequences of pleading guilty. Williams was 22 years old when he pleaded guilty, and he agreed that he: (1) had time to think about his options, (2) was satisfied with his attorney's representation, (3) understood the proceedings, and (4) wanted to plead guilty because he

4

committed the crime.  Thus, Williams's first reason supporting withdrawal is unpersuasive.  *See State v. Abdisalan*, 661 N.W.2d 691, 694 (Minn. App. 2003) (holding that withdrawal was not appropriate when "[n]othing objectively in the record suggest[ed] that [the defendant] failed to comprehend the nature, purpose, and consequences of [the] plea"), *review denied* (Minn. Aug. 19, 2003).

Williams next asserts that withdrawal was fair and just because he wished to obtain a cellphone expert.  But the district court previously granted Williams a nearly six-month continuance to obtain a cellphone expert, and Williams never did so.  "[T]he decision to grant or deny a continuance lies within the discretion of the district court." *State v. Larson*, 788 N.W.2d 25, 30–31 (Minn. 2010) (quotation omitted).  Thus, Williams's second reason supporting withdrawal is unpersuasive.  *See State v. McLaughlin*, 725 N.W.2d 703, 713–14 (Minn. 2007) (stating that the district court did not abuse its discretion by denying a mid-trial continuance to procure an expert witness).

Williams finally asserts that withdrawal was fair and just because he no longer believed that the state's offer was in his best interests.  The belief that pleading guilty is no longer in one's best interests is not sufficient to warrant plea withdrawal.  *See Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989) (rejecting the notion of accepting plea withdrawals for any reason or without good reason at any time before sentence is imposed).  In *Kim*, the supreme court stated:

> If a guilty plea can be withdrawn for any reason or without good reason at any time before sentence is imposed, then the process of accepting guilty pleas would simply be a means of continuing the trial to some indefinite date in the future when

> the defendant might see fit to come in and make a motion to withdraw his plea.

*Id.* (quotation omitted). Thus, Williams's final reason supporting withdrawal is unpersuasive.

Because Williams did not meet his burden of establishing a valid reason for withdrawing his guilty plea under the fair-and-just standard, the state was not required to prove that withdrawal would cause prejudice. *See Raleigh*, 778 N.W.2d at 98 (stating that a district court may deny a plea-withdrawal request even if the state suffers no prejudice if the defendant "failed to advance reasons why withdrawal was 'fair and just'"). Therefore, the district court did not abuse its discretion by denying Williams's petition.

Williams also argues that the district court erred because it did not consider his request using the proper considerations. Here, the district court recognized the factors Williams proposed in favor of plea withdrawal under the fair-and-just standard and determined that they were meritless. The district court next concluded that the state would be prejudiced by granting Williams's request, citing the state's release of subpoenaed witnesses. The district court also recognized the interest of the victim's in the finality and certainty of conviction. Therefore, the district court did not err by failing to use "proper considerations."

Williams finally argues that the district court incorrectly applied the manifest injustice standard to deny his presentence motion to withdraw his guilty plea. In analyzing Williams's petition for postconviction relief, the postconviction court

6

concluded that the district court did not apply the wrong standard. Williams claims that the district court's reference to *Black v. State*, 725 N.W.2d 772 (Minn. App. 2007), and "due diligence" proves that it applied the wrong standard. We are not persuaded.

In its order, the district court referenced the fair-and-just standard multiple times. The district court also considered the reasons advanced by Williams in support of his motion and the prejudice to the state. Moreover, under the fair-and-just standard, a "[district] court *must* give due consideration to the reasons advanced by the defendant." Minn. R. Crim. P. 15.05, subd. 2 (emphasis added). The district court's reference to *Black* and "due diligence" was in response to Williams's presentence motion when he cited *Black* and argued that withdrawal was fair and just because his motion was timely and made with due diligence. Referencing factors that are relevant to the manifest-injustice standard does not necessarily mean the district court failed to correctly apply the fair-and-just standard. Therefore, the postconviction court did not err when it concluded that the district court correctly applied the fair-and-just standard.

**Affirmed.**