*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-0740**

State of Minnesota,
Respondent,

vs.

Oluwatoyin Emmanuel Aina,
Appellant.

**Filed February 23, 2026
Affirmed
Schmidt, Judge**

Hennepin County District Court
File No. 27-CR-24-11261

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, Matthew D. Hough, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Lauermann, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Johnson, Presiding Judge; Larson, Judge; and Schmidt, Judge.

**NONPRECEDENTIAL OPINION**

**SCHMIDT**, Judge

Appellant challenges the district court order denying his motion to withdraw his guilty plea. We affirm.

## FACTS

Respondent State of Minnesota charged appellant Oluwatoyin Emmanuel Aina with third-degree criminal sexual conduct. The parties negotiated a plea deal in which Aina would plead guilty to fifth-degree criminal sexual conduct in exchange for a 12-month stay of execution of sentence, three years of probation, registry as a predatory offender, credit for time served, no further jail time, providing a DNA sample, and waiver of the psychological/sexual evaluation "if deported."

Aina's plea petition states:

> I am represented by an attorney . . . . I feel that I have had sufficient time to discuss my case with my attorney. . . . I am satisfied that my attorney is fully informed as to the facts of this case. . . . My attorney has discussed possible defenses to the crime that I might have. . . . I am satisfied that my attorney has represented my interests and has fully advised me.
>
> . . . .
>
> That except for the agreement between my attorney and the prosecuting attorney: . . . No one—including my attorney, any police officer, prosecutor, judge, or any other person—has made any promises to me, to any member of my family, to any of my friends, or to other persons, to obtain a plea of guilty from me. . . . No one—including my attorney, any police officer, prosecutor, judge, or any other person—has threatened me, or any member of my family, my friends, or other persons, to obtain a plea of guilty from me.

As to immigration consequences, the plea petition states, in underlined, bold text:

> **My attorney has told me and I understand that if I am not a citizen of the United States, my plea of guilty to this crime may result in deportation, exclusion from admission to the United States, or denial of naturalization as a United States citizen.**

2

During the hearing, Aina reviewed the signed plea petition on the record with his attorney:

> **Attorney:** Do you recognize this four-page document?
>
> **Aina:** Yes.
>
> **Attorney:** And do you recognize it because last night at the jail you and I went over this plea petition line by line on my computer; right?
>
> **Aina:** Yes.
>
> **Attorney:** . . . And did I sign that with your permission?
>
> **Aina:** Yes.
>
> **Attorney:** And what that tells the [court] is that you understand all of the rights that are contained in this plea petition. And you want to waive those rights and accept the offer that was just put on the record; right?
>
> **Aina:** Yes.
>
> . . . .
>
> **Attorney:** Has anyone made any promises or threats to you, myself, a police officer, prosecutor, judge, or any other person in the community, in order to get you to plead guilty in this case?
>
> **Aina:** No.
>
> . . . .
>
> **Attorney:** You understand—and I'll read it here as it exists on this petition, which says, Your plea of guilty to this crime may result in deportation, exclusion from admission to the United States, or denial of naturalization as a United States citizen; right?
>
> **Aina:** Yes.

> Attorney:   But you understand that based on the advice you've gotten, you're very likely to be a presumptive deportation; right?
>
> Aina:   Yes.
>
> Attorney:   Anything about that causing you to not want to plead guilty and instead have a trial because of the immigration consequences that we think are going to stem from this?
>
> Aina:   No, I'm good.

Before sentencing, Aina moved to withdraw his plea. The district court held two hearings on Aina's motion. At the second hearing, Aina testified:

> Prosecutor:   And during the pendency of this case, you've talked with your attorney about the possibility that you may be deported, right?
>
> Aina:   He talked to me about that.
>
> . . . .
>
> Prosecutor:   And you discussed the consequences of what happened if you would be found guilty of this case, right?
>
> Aina:   Yes.
>
> . . . .
>
> Prosecutor:   Right. So he read you what was on the plea petition on number 27 about the immigration consequences, right?
>
> Aina:   Yeah.
>
> Prosecutor:   . . . [D]id he make any promises about helping you with your immigration case or, you know, any other promises?
>
> Aina:   No.

Prosecutor: Did he make you—make any threats to you that you have to plead guilty?

Aina: I mean, he was kind of like, I would say, harsh or hostile are the words.

. . . .

Prosecutor: Okay. So you didn't like his tone of voice?

Aina: Yeah, he was kind of just rushing me.

Prosecutor: But did he actually make any threats to you?

Aina: No.

. . . .

Prosecutor: When you were in court and you took this plea and you filled out the plea—or talked about the plea petition, were you impaired in any way?

Aina: No.

Aina's defense attorney also testified after Aina waived his attorney-client privilege:

Prosecutor: Did you discuss immigration consequences of specifically the amended offer with the fifth degree with Mr. Aina?

Attorney: Based on the fifth degree offer and the e-mail we had which indicated it was going to be another crime of moral turpitude, I believe I told Mr. Aina that he was guaranteed to be deported if he took the offer.

The district court denied Aina's motion to withdraw his guilty plea. Aina appeals.

**DECISION**

Aina argues that the district court abused its discretion when it denied his presentence motion to withdraw his guilty plea because (1) it would have been fair and just to grant his motion, and (2) defense counsel was ineffective by failing to clearly inform him of the immigration consequences of his conviction. We address each argument in turn.

**A.** **The district court did not abuse its discretion in denying Aina's motion to withdraw his guilty plea.**

Aina argues the district court abused its discretion in denying his motion to withdraw the guilty plea because it was not voluntary or intelligent. A valid plea must be accurate, voluntary, and intelligent. *Kaiser v. State*, 641 N.W.2d 900, 903 (Minn. 2002). Although a defendant "does not have an absolute right to withdraw a guilty plea," *State v. Townsend*, 872 N.W.2d 758, 761 (Minn. App. 2015), a district court may permit a defendant to withdraw a plea if "necessary to correct a manifest injustice" or "if it is fair and just to do so." Minn. R. Crim. P. 15.05, subds. 1, 2. The fair-and-just analysis requires the district court to consider: (1) a defendant's reasons for withdrawal, and (2) the prejudice that withdrawal would cause the state. *State v. Raleigh*, 778 N.W.2d 90, 97 (Minn. 2010).

We review a district court's application of the fair-and-just standard for an abuse of discretion. *Id.* When reviewing a plea-withdrawal decision, we consider "the entire context in which [the] plea of guilty occurred, as demonstrated by the record." *State v. Abdisalan*, 661 N.W.2d 691, 695 (Minn. App. 2003), *rev. denied* (Minn. Aug. 19, 2003). We affirm if "[n]othing objectively in the record suggests that [the defendant] failed to comprehend the nature, purpose, and consequences of [the] plea." *Id.* at 694.

6

The district court denied Aina's motion to withdraw his plea, concluding that the "guilty plea was accurate, voluntary, and intelligent." The district court was not persuaded by Aina's arguments about being coerced into accepting the plea deal, not understanding the immigration consequences, or being confused regarding the registration requirement.

Aina raises the same arguments on appeal. He contends that the district court abused its discretion when it denied his motion to withdraw because (1) his plea was not voluntary because he was pressured by his attorney, and (2) his plea was not intelligent because his attorney did not discuss the consequences of pleading guilty to fifth-degree criminal sexual conduct specifically. Aina's reasons for withdrawal are not supported by the record.

Aina's testimony shows that his attorney never forced him to do anything. In addition, Aina's attorney testified that he discussed the immigration and registration consequences specific to pleading guilty to fifth-degree criminal sexual conduct as a "crime of moral turpitude." The district court's decision to deny Aina's motion to withdraw his guilty plea under the fair-and-just standard is supported by the record.

### B. Aina received effective assistance of counsel.

Aina also argues his attorney was ineffective by failing to clearly notify him of the immigration consequences of his plea. To establish a claim of ineffective assistance of counsel, the defendant "must prove: (1) that his counsel's representation 'fell below an objective standard of reasonableness'; and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Nissalke v. State*, 861 N.W.2d 88, 94 (Minn. 2015) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)).

7

If a defendant is charged with a crime and he is not a United States citizen, his attorney must accurately inform him of the risk of immigration consequences of pleading guilty. *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010). Failing "to do so clearly satisfies the first prong of the *Strickland* analysis." *Id.* at 371 (quotation omitted).

To satisfy the first *Strickland* prong, Aina must show his attorney failed to advise him about the immigration consequences of pleading guilty. *Sanchez v. State*, 890 N.W.2d 716, 720 (Minn. 2017). Aina must also establish that there is a reasonable probability that, had he been adequately advised, he would not have pleaded guilty. *Id.* The district court concluded that Aina failed to satisfy the first prong of the *Strickland* analysis. We agree.

The record shows that Aina's counsel explained the collateral consequences of his guilty plea multiple times throughout the proceedings. The plea petition clearly—in underlined and bold text—explained the immigration consequences. At the plea hearing, Aina testified that he and defense counsel went through the petition, line by line. Aina also testified that defense counsel specifically covered the immigration consequences portion of the petition. Aina agreed that, given this conviction, he would be subject to presumptive deportation proceedings. Based upon the thorough coverage of the immigration consequences in the plea petition and at the plea hearing, we agree with the district court that Aina's counsel performance satisfied *Padilla*. The district court acted within its discretion when it denied Aina's presentencing motion to withdraw his guilty plea.[1]

**Affirmed.**

---

[1] Because Aina's argument fails to satisfy the first *Strickland* prong, we need not address the second prong. *State v. Mosley*, 895 N.W.2d 585, 591 (Minn. 2017).

8